UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE ONE APUS CONTAINER SHIP INCIDENT ON NOVEMBER 30, 2020

22 MD 3028 (PAE) (BCM)

22 Civ. 5277 (PAE) (BCM)

OPINION & ORDER

ATLANTIC SPECIALTY INSURANCE COMPANY, FEDERAL INSURANCE COMPANY, INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, INTACT INSURANCE COMPANY *and* TAIAN INSURANCE CO., LTD.,

Plaintiffs,

-v-

APEX LOGISTICS INTERNATIONAL INC., UPS ASIA GROUP PTE. LTD., TOPOCEAN CONSOLIDATION SERVICE (LOS ANGELES) INC., TIANSHI LOGISTICS CO., LTD, TRANS KNIGHTS, INC., *and* DOES ONE THROUGH TEN,

Defendants.

PAUL A. ENGELMAYER, District Judge:

This decision resolves a motion for default judgment by plaintiff Indemnity Insurance Company of North America ("IINA") against defendant Tianshi Logistics Company, Ltd. ("Tianshi"), for claims arising out of an incident on November 30, 2020, in which more than 1,800 shipping containers loaded on the ONE APUS fell into the North Pacific. *See* 22 Civ. 5277, Dkt. 1. Of those 1,800 containers, two belonged to IINA's insured, Parker House Manufacturing Party ("Parker House"), and were being transported at the time by defendant Tianshi.

The Court earlier entered default judgment against Tianshi as to liability, and referred the case to the Honorable Barbara C. Moses, United States Magistrate Judge, for a damages inquest. Dkt. 120. Judge Moses's June 15, 2026 Report and Recommendation recommends that the Court award statutory damages of $58,103.40—the total IINA paid Parker House under its insurance policy. Dkt. 150 (the "Report") at 14–15. On June 13, 2026, INA made a single, limited objection to the Report. Dkt. 151. Noting that the damages figure would not compensate Parker House for its $2,500 insurance deductible, IINA argued that the Report erred in overlooking that Parker House had expressly assigned its deductible interest to IINA. *Id.* at 3–4. Accordingly, it renewed its request for a damages award of $60,603.40: the sum of the subrogation interest ($58,103.40) and the deductible interest ($2,500). *Id.* at 4–5.

For the following reasons, the Court adopts the Report in full, with the modification that, because Parker House separately assigned the deductible interest to IINA, it is also entitled to the $2,500 deductible. Accordingly, the Court awards IINA a total of $60,603.40, plus post-judgment interest at the federal statutory rate pursuant to 28 U.S.C. § 1981.

## I. Background

The Court incorporates by reference the account of the facts in the Report. The following summary is limited to the facts necessary for resolution of the discrete issue concerning the deductible interest presented here.

This case is one of numerous ones before the Court, consolidated in a multi-district litigation involving hundreds of claims brought by cargo insurers against various carriers, arising from the ONE APUS incident on November 3, 2020. Specific to the claim at issue here, on November 17, 2020, Parker House—IINA's insured—contracted with Tianshi to ship two containers from Yantian, China to Long Beach, California aboard the ONE APUS. Dkt. 115

("Haack Decl."), Ex. A ("Nov. 17, 2020 KOCU4357820 Invoice"); Haack Decl., Ex. C at 1 ("Nov. 17, 2020 GAOU6209051 Invoice"). Parker House's containers were identified as KOCU4357820 and GAOU6209051, respectively. *Id.* On November 19, 2020, the two containers were loaded onto the ONE APUS, *id.* at 2 ("Nov. 19, 2020 Cargo Receipt"), and on November 30, 2020 both were lost at sea. Report at 1. At the time of the loss, IINA provided insurance coverage to Parker House under Marine Open Cargo Policy N10687925 (the "Policy"). Haack Decl. ¶ 3.

On or about March 30, 2021, Parker House submitted a claim to Chubb, IINA's recovery agent, under the Policy for the loss of certain goods carried in container KOCU4357820. *Id.* ¶ 4. Parker House later submitted a claim for certain goods in the second container, GAOU6209051. *Id.* On August 31, 2021, Chubb (on behalf of IINA) accepted the claim, and advised that it was "approved in the amount of $58,103.40." Haack Decl., Ex. F ("Aug. 31, 2021 Email"). Specifically, for the two containers "lost at sea" it identified:

| | |
|---|---|
| The FOB Value for container #KOCU4357820: | $23,247.00 |
| The FOB value for container #GAOU6209051: | $23,247.00 |
| Freight cost for both cntrs: | $8,600.00 |
| .......................................................................................... | |
| Sub-Total: | $55,094.00 |
| + 10%: | $5,509.40 |
| .......................................................................................... | |
| Sub-Total: | $60,603.40 |
| Less Policy Deductible: | ($ 2,500.00) |
| .......................................................................................... | |
| Net Loss amount: | $58,103.40 |

*Id.*

On September 2, 2021, a Parker House representative executed the Subrogation Receipt. Haack Decl., Ex. G ("Subrogation Receipt"), which provided that Parker House would receive, in full and final settlement for the "loss and damage" to the property described in the Policy,

$58,103.40. *Id.* Important here, it further provided: "Our deductible interest of **$2,500.00** is also assigned to said company." *Id.* (emphasis in original).

On June 15, 2026, after entry of a judgment of default,[1] Judge Moses issued the Report. Dkt. 150. The Report assessed that IINA sought damages as a "subrogee and assignee of Parker House in the amount of $60,603.40, representing the amount of indemnity paid under the Policy ($58,103.40) plus the insured's deductible ($2,500.00)," which was the same amount IINA sought in its Complaint.[2] *Id.* at 13–14. It concluded that because a "subrogee's damages are capped at the actual amount paid to its insured," IINA could not recover beyond the amount the Report determined that IINA (through its recovery agent Chubb) had paid Parker House. *Id.* at 14. Accordingly, the Report recommended that IINA be awarded $58,103.40 plus post-judgment interest at the federal statutory rate pursuant to 28 U.S.C. § 1961. *Id.* at 15. On June 23, 2026, IINA timely objected, contending that the assignment of Parker House's $2,500 deductible interest also entitled it to that sum. Dkt. 151 at 3–5.

## II. Applicable Legal Standard

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."

---

[1] This case was initiated on November 16, 2021, when cargo insurer plaintiffs, including IINA, filed a complaint in the federal court in California, seeking damages from five non-vessel operating common carriers ("NVOCC"), shipping intermediaries that contract to book space on a vessel. Dkt. 1 ("Compl."). The NVOCCs included Tianshi, the NVOCC with whom Parker House contracted to ship its two containers. On June 1, 2022, the judicial panel on multidistrict litigation transferred this action and others arising from the same incident to this Court. Report at 5. On September 10, 2024, IINA filed a motion for default judgment against Tianshi, which had not appeared nor answered. Dkt. 113. On October 3, 2024, after Tianshi failed to appear or oppose the motion, the Court granted the default judgment motion, and referred the case to Judge Moses for an inquest. Dkts. 119–20.

[2] Under Federal Rule of Civil Procedure 54(c), a default judgment award cannot exceed the sum alleged in the complaint. IINA's Complaint alleged $60,603.40 in damages. *See* Compl. ¶ 13.

28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169–70 (S.D.N.Y. 2003).

"Within 10 days after being served with a copy of [a magistrate's] recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b). The Court shall make a *de novo* determination of those portions of the report to which a party objects. 28 U.S.C. § 636(b)(1). Where a litigant's objections take "issue with a specific legal conclusion in the report and recommendation," they should be considered *de novo*, even if they repeat an argument raised before the magistrate judge. *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 361 (2d Cir. 2025).

## III. Discussion

The dispute before the Court is narrow: IINA objects solely to the Report's determination that it was not entitled to Parker House's $2,500 deductible interest. Dkt. 151 at 3–5. It does not object to the Report's recommendation as to the subrogation portion of its damages, to wit, the $58,103.40 the Report would award it as Parker House's subrogee. *Id.* at 3. For the reasons below, the Court finds that Parker House validly assigned its interest in the deductible to IINA so as also to entitle it to the $2,500 deductible.

As the Report aptly reviewed, it is well-settled that a maritime insurer, such as IINA, which has indemnified its insured—here, Parker House—is subrogated to the extent of the payment made, and may bring a claim in litigation in either its name or that of the insured against the party responsible for causing the loss. *Americas Ins. Co. v. Seagull Compania Naviera, S.A.*, 774 F.2d 64, 66 (2d Cir. 1985). And, as the Report also rightly noted, in such a

subrogation action, the "appropriate amount of damages is the amount that the insurer actually paid to the insured." *Tata AIG Gen. Ins. Co. Ltd. v. Transline Expedited Serv. Corp.*, No. 25 Civ. 4211, 2026 WL 825696, at *7 (E.D.N.Y. Mar. 5, 2026) (quoting *Phoenix Ins. Co., Ltd. v. Tapemaker Sales Co., Inc.*, No. 23 Civ. 8822, 2024 WL 5399239, at *2 (E.D.N.Y. Dec. 11, 2024)). Courts in such subrogation actions therefore generally cap the damages award in default judgment actions to that which the insurer "actually" paid its insured. *See, e.g.*, *Everest Reinsurance Co. v. Collector's Fantasy of Brooklyn, Inc.*, No. 09 Civ. 5015, 2012 WL 2953955, at *3 (E.D.N.Y. July 19, 2012) (awarding damages in default judgment action in amount insurer paid its insured); *Interested Underwriters at Lloyd's v. Atl. Fine Art Servs., Inc.*, No. 11 Civ. 596, 2011 WL 13377385, at *4 (E.D.N.Y. Nov. 18, 2011) (recommending award of damages based on amount insurer paid to its insured in a subrogation action).

IINA is correct, however, that Parker House's assignment of the deductible interest supplies an independent basis for damages from Tianshi. An assignment is "a transfer or setting over of property, or of some right or interest therein, from one person to another, and unless in some way qualified, it is properly the transfer of one whole interest in an estate, or chattel, or other thing." *De Sole v. Knoedler Gallery, LLC*, 974 F. Supp. 2d 274, 320 (S.D.N.Y. 2013). Parker House's assignment of its deductible interest to IINA on September 2, 2021, as reflected in the Subrogation Receipt, was such a "contractual transfer of a right, interest, or claim from one person to another." *Sompo Japan Ins. Co. v. Norfolk S. Ry. Co.*, 966 F. Supp. 2d 270, 279 (S.D.N.Y. 2013), *aff'd*, 762 F.3d 165 (2d Cir. 2014). Parker House specifically stated that "Our deductible interest of **$2,500.00** is also assigned to said company." Subrogation Receipt (emphasis in original). Accordingly, IINA has a clear basis to recover that debt from Tianshi. And that is not barred by the cap on IINA's recovery as a subrogee—the assigned deductible is a

separate category of relief. *See, e.g.*, *Zurich Am. Ins. Co. v. Wausau Bus. Ins. Co.,* No. 16 Civ. 3643, 2018 WL 4684112, at *6 (S.D.N.Y. Sept. 28, 2018) (citing *Sompo Japan Ins. Co.*, 966 F. Supp. 2d at 279). Accordingly, the Court finds IINA entitled to recover the amount of the deductible interest in addition to its subrogation interest. *See, e.g.*, *Navigators Mgmt. Co., Inc. v. IMC Shipping China Co*., No. 23 Civ. 1204, 2023 WL 8939214, at *9 (C.D. Cal. Nov. 7, 2023) (awarding insurer "net total" under claim, which did not included deductible under policy, and separately awarding $50,000 deductible which insured assigned to insurer); *Cumis Ins. Soc., Inc. v. Gonzalez*, No. 12 Civ. 1916, 2013 WL 3054200, at *5 (E.D. Cal. June 17, 2013) (holding an "insurer may pursue the deductible when the [deductible] claim has been assigned").

## CONCLUSION

For the foregoing reasons, the Court grants the award to IINA of $60,603.40. IINA is also entitled to post-judgment interest on this judgment amount at the federal statutory rate pursuant to 28 U.S.C. § 1981. The Court respectfully directs the Clerk to mail a copy of this decision to plaintiffs at the address on file, and to close this case.

SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

Dated: September 16, 2026
New York, New York